IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**, | Case No. 3:22-cv-1677-SI |
| Appellant, | (Bankr. Ct. Case No. 16-33185-pcm7)<br>(Adv. Pro. No. 16-3114-pcm) |
| v. | **ORDER** |
| **EVYE SZANTO**, *et al.*, | |
| Appellees. | |

**Michael H. Simon, District Judge.**

On November 25, 2019, the United States Bankruptcy Court for the District of Oregon (Bankruptcy Court) issued its Memorandum Opinion resolving the counterclaims of the defendants in an adversary proceeding, Appellees in this appeal,[1] and imposing a nationwide injunction on Appellant Peter Szanto (Szanto) enjoining him from filing any adversary proceeding or contested case in any bankruptcy court against Appellees, unless Szanto is represented by counsel or obtains pre-filing permission from the chief judge of the relevant bankruptcy court. The Bankruptcy Court also issued a Report and Recommendation in the same document, recommending that a similar nationwide injunction be issued enjoining Szanto from filing any case in any federal court against Appellees. The Bankruptcy Court entered judgment to

---

[1] The Chapter 11 Trustee is also named as an Appellee in this appeal, but for purposes of this Order, the Chapter 11 Trustee is not included in the term "Appellee."

PAGE 1 – ORDER

that effect on November 27, 2019. Szanto appealed to this Court, which was heard in a separate case, No. 3:19-cv-2043-SI.

On August 19, 2022, in that case, the Court issued an Opinion and Order, largely affirming the Bankruptcy Court's Memorandum Opinion. *Szanto v. Szanto*, 2022 WL 3572993 (D. Or. Aug. 19, 2022). The Court, however, reduced the money award to certain Appellees and narrowed the scope of the injunction issued by the Bankruptcy Court in two ways. *Id.* at *14. First, the Court narrowed it from a nationwide injunction to an injunction only within the Ninth Circuit. Second, the Court narrowed the scope of the injunction only to Appellees in the adversary proceeding who were named in the underlying lawsuits that gave rise to the wrongful use of civil proceedings claim. The Court remanded the case to the Bankruptcy Court to vacate its judgment and issue an amended judgment that complied with the Court's Opinion and Order. Szanto appealed this Court's Opinion and Order to the Ninth Circuit, and that appeal currently is pending.

On September 2, 2022, the Bankruptcy Court entered an Amended Judgment in compliance with this Court's order. Szanto purports to appeal in this case that Amended Judgment. Appellees move to dismiss the appeal for lack of subject matter jurisdiction.

The Bankruptcy Court made no independent analysis and this Court did not remand for further proceedings. The Bankruptcy Court simply entered the Amended Judgment as ordered by this Court in its August 19, 2022 Opinion and Order. That Opinion and concomitant judgment is on appeal before the Ninth Circuit.

An appeal of the Amended Judgment is nothing more than another appeal of this Court's August 19, 2022 Opinion and Order. But that is on appeal before the Ninth Circuit. "The Supreme Court has explained that "[t]he filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Evans v. Synopsys, Inc.*, 34 F.4th 762, 776 (9th Cir. 2022) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (alteration in *Evans*)). Thus, the Court does not have jurisdiction to reconsider its Opinion and Order after Szanto filed his Notice of Appeal of that decision to the Ninth Circuit.

Szanto's response to Appellees' motion was to file a Rule 11 motion for sanctions, which the Court repeatedly denied leave to file. The Court liberally construed it as Szanto's substantive response to the motion to dismiss. Szanto argues that the motion was filed for harassment purposes. Szanto contends that the undersigned judge "has denied every bit of relief" sought by Szanto (which is belied by the fact that the Amended Judgment was issued based on the Court ruling partially in favor of Szanto), and Appellees will obtain a favorable ruling on this motion to dismiss and then leverage that ruling before the Ninth Circuit to obtain dismissal of that appeal. This argument is rejected. That this Court does not have jurisdiction to hear this appeal because the issues currently are on appeal before the Ninth Circuit does not affect the Ninth Circuit's jurisdiction to hear the appeal of the Court's August 19, 2022 Opinion and Order. The Ninth Circuit is the higher court, that is why its jurisdiction divests this Court of jurisdiction to further consider the issues, absent exceptions not applicable here.[2] Dismissal versus a stay in this case is warranted because the issues will be resolved by the appeal in Case No. 3:19-cv-2043-SI.

---

[2] Szanto argues that it was outside of his control that this appeal ended up before this Court, which may not have jurisdiction, because he requested the appeal be heard before the Ninth Circuit's Bankruptcy Appeal Panel (BAP). The BAP, however, transferred it to this Court because it was an appeal of an Amended Judgment entered pursuant to an order of this Court.

Szanto also argues that the motion was untimely. The Court, however, ordered that Appellees could file a motion to stay or dismiss this case by December 31, 2022. ECF 8. Appellees filed their motion on December 30, 2022. ECF 9. The motion is timely.

Szanto further argues that the "judge made" rule of *Griggs* has been overruled and "statutorily" amended by rule. Szanto cites cases referencing the situation when a party files a motion under Rule 59 of the Federal Rules of Civil Procedure, and how an appeal is held in "abeyance" until the District Court resolves the Rule 59 motion. That situation, however, does not apply because Szanto has not filed a Rule 59 motion in his original case (Case No. 3:19-cv-2043-SI) and his pending appeal in that case before the Ninth Circuit is not currently in "abeyance."

The Court does not have jurisdiction over this appeal. The Court GRANTS Appellees' Motion to Dismiss, ECF 9.

**IT IS SO ORDERED.**

DATED this 12th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge